IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

SEP 21 2010

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| TANISHA L. BOWEN, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | **10 CV - 601 GKF   TLW** |
| APPROVED CASH ADVANCE ) | |
| CENTERS (OKLAHOMA), LLC ) | Jury Trial Demanded |
| A Foreign Limited Liability Company, ) | Attorney Lien Claimed |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Tanisha L. Bowen, through her attorneys of record, Daniel E. Smolen and Lauren Lambright of Smolen, Smolen & Roytman, PLLC and brings this action against the Defendant, Approved Cash Advance Centers (Oklahoma), LLC, for violations of her constitutionally protected rights arising out of her employment and termination by said Defendant.

## JURISDICTION

1. This is an action for damages and to secure protection and redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), providing for relief against discrimination in employment on the basis of race, as well as 42 U.S.C. §1981, providing for redress for the deprivation of the full and equal benefit of all laws as is enjoyed by white citizens.

2. Plaintiff, an African-American female and resident of the State of Oklahoma, filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff complained to the EEOC of discrimination based on her race. A Notice of Right to Sue was received by Plaintiff on or about June

23, 2010, and this Complaint has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

3.  Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

4.  Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.

5.  Punitive damages are sought pursuant to 42 U.S.C. § 1981.

6.  Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## VENUE

7.  This action lies properly in the Northern District of Oklahoma pursuant to 28 U.S.C §1391(b) as the unlawful employment practices complained of herein occurred within the Northern District of Oklahoma and because Defendant is a corporation conducting regular business in the Northern District of Oklahoma.

## PARTIES

8.  Plaintiff is a citizen of the United States of America and a resident of the State of Oklahoma.

9.  Defendant is foreign for profit business corporation conducting regular business in the State of Oklahoma. Defendant regularly employs more than fifteen (15) people.

## FACTS COMMON TO ALL COUNTS

10.     Plaintiff, an African-American female, was an employee of Defendant from August 22, 2008 until her termination on or around April 17, 2009.

11.     Plaintiff was qualified to perform her job and earned a satisfactory work record while employed with Defendant.

12.     Plaintiff was an Assistant Manager for the defendant. Until the incident leading to her termination, the plaintiff had never received any discipline and always received compliments for her work performance.

13.     During plaintiff's employment, a Caucasian coworker Savanna Sonnenburg, began spreading rumors about the plaintiff that were untrue. The plaintiff called her supervisor, James McKenzie, who is also Caucasian, to complain about the situation. Instead of addressing the problem with Ms. Sonnenburg, McKenzie told the plaintiff to discuss it with Ms. Sonnenburg.

14.     The plaintiff followed McKenzie's instructions and spoke with Ms. Sonnenburg about the situation. Ms. Sonnenburg refused to stop spreading rumors about the plaintiff. The plaintiff then called McKenzie back and informed him what had occurred and he told the plaintiff she was terminated for speaking with Ms Sonnenburg, despite having already telling plaintiff to do exactly that. McKenzie then told the plaintiff she was not terminated, but that he would decide which action to take against her. Ms. Sonnenburg was not disciplined for yelling at the plaintiff, using profanity, and violating company policy regarding spreading gossip and rumors about coworkers and using profanity and abusive language towards coworkers.

15.     Believing McKenzie's actions to be discriminatory, the plaintiff called McKenzie's supervisor, Jeremy Johnson, to complain about the situation and the

disparate treatment between herself and Ms. Sonnenburg. Again, instead of addressing the situation and the plaintiff's complaints, the plaintiff received a call from McKenzie terminating her in retaliation for complaining to Mr. Johnson about the difference in treatment between herself and Ms. Sonnenburg.

16. Plaintiff was treated differently and less favorably than Caucasian employees on the basis of her race.

17. Plaintiff was terminated in retaliation for complaining about the difference in treatment.

18. Plaintiff was subjected to disparate discipline based on her race as Ms. Sonnenburg was not disciplined for violating company policy and the plaintiff was terminated.

19. A motivating factor in the Defendant's decision to discharge Plaintiff was Plaintiff's race.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

20. Plaintiff, Tanisha Bowen, incorporates as if realleged Paragraphs 1-19.

21. By terminating Plaintiff and treating her differently than similarly-situated white employees with regard to discipline, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

 a. Back pay and lost benefits; front pay until normal retirement
 b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
 c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
 d. Her attorney fees and the costs and expenses of this action;
 e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

22. Plaintiff, Tanisha Bowen, incorporates as if realleged Paragraphs 1-21.

23. By unfairly disciplining Plaintiff and ultimately terminating her employment, the Defendant and its agents have violated 42 U.S.C §1981.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE VII

24. Plaintiff, Tanisha Bowen, incorporates as if realleged Paragraphs 1-23.

25. By terminating Plaintiff's employment in retaliation for her participation in protected activity as defined under Title VII, the Defendant has violated 42 U.S.C. §2000e-3(a).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests a jury trial for all issues of fact raised by this Complaint.

Respectfully submitted,
SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA# 19943
Donald E. Smolen, OBA# 19944
**Lauren G. Lambright, OBA# 22300**
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
E-mail: danielsmolen@ssrok.com
       donaldsmolen@ssrok.com
       laurenlambright@ssrok.com